# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA JAMES BRADSHAW,<br><br>               Plaintiff,<br><br>               v.<br><br>NANCY DAHLSTROM, et al.,<br><br>               Defendants. | Case No. 3:20-cv-00292-SLG-KFR |

## ORDER REGARDING FINDINGS AND RECOMMENDATION

Before the Court at Docket 24 is Defendants' Motion to Dismiss.[1] Plaintiff Joshua James Bradshaw filed a response in opposition at Docket 28. Defendants filed a reply at Docket 36. Plaintiff filed supplemental briefing at Docket 44; Defendants filed supplemental briefing at Docket 50.

The Court referred the Motion to Dismiss to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 51, Judge Reardon issued his Findings and Recommendation, in which he recommended that the motion be granted as follows: (1) that Claim 1 be dismissed as moot against Defendant Winkelman; (2) that Claim 2 be dismissed as moot against Defendant Dunleavy; (3) that Claim 3 be dismissed as moot against Defendant Dunleavy; and (4) that Plaintiff be given

---

[1] Defendants in this case are Nancy Dahlstrom, former Commissioner of the State of Alaska, Department of Corrections; Michael Dunleavy, Governor of the State of Alaska; and the State of Alaska, Department of Corrections (DOC). Acting DOC Commissioner Winkelman was automatically substituted as a party for the official capacity claim against the Commissioner pursuant to Federal Rule of Civil Procedure 26(d).

leave to amend Claim 1 against Defendant Dahlstrom. No objections to the Report and Recommendation were filed.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[3] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[4]

The magistrate judge recommended that the Court dismiss Claims 1, 2, and 3 as moot against Defendants Winkelman and Dunleavy. The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that Claims 1, 2, and 3 are DISMISSED AS MOOT as to Defendants Winkelman and Dunleavy.

---

[2] 28 U.S.C. § 636(b)(1).

[3] *Id.*

[4] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Case No. 3:20-cv-00292-SLG-KFR, *Bradshaw v. Dahlstrom, et al.*
Order Re Findings and Recommendation
Page 2 of 4
Case 3:20-cv-00292-SLG-KFR   Document 53   Filed 09/16/22   Page 2 of 4

The magistrate judge also recommended that the Court dismiss without prejudice and allow Plaintiff leave to amend Claim 1 as to Defendant Dahlstrom. "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[5] In order for Mr. Bradshaw to maintain a claim for money damages against Defendant Dahlstrom in her individual capacity, he must plausibly allege facts that if proven would demonstrate that the named defendant (1) personally participated in depriving Mr. Bradshaw of his rights and (2) that defendant's actions caused Mr. Bradshaw's injury. The Court has reviewed the Findings and Recommendation and agrees with its analysis that Plaintiff's First Amended Complaint fails to state how Defendant Dahlstrom personally participated in the deprivation of his rights, and therefore fails to state a claim upon which relief can be granted. Accordingly, IT IS ORDERED that Claim 1 is DISMISSED WITHOUT PREJUDICE as to Defendant Dahlstrom. The Court grants leave to amend Claim 1 as to Defendant Dahlstrom. Therefore, the Motion to Dismiss at Docket 24 is GRANTED as set forth above.

Mr. Bradshaw has until **October 17, 2022**, to file one of the following:

a. **Amended Complaint as to Claim 1 seeking money damages from Defendant Dahlstrom**, in which Mr. Bradshaw files an amended complaint that restates this claim, correcting the deficiencies with that

---

[5] *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Case No. 3:20-cv-00292-SLG-KFR, *Bradshaw v. Dahlstrom, et al.*
Order Re Findings and Recommendation
Page 3 of 4
Case 3:20-cv-00292-SLG-KFR   Document 53   Filed 09/16/22   Page 3 of 4

claim identified in this order. An amended complaint replaces the current complaint in its entirety.

b.  **Notice of Voluntary Dismissal**, which would inform the Court that Mr. Bradshaw no longer wishes to pursue his lawsuit against Defendant Dahlstrom and would dismiss the entire action.

Any amended complaint should be on this Court's form, which is being provided to Mr. Bradshaw with this Order. If Mr. Bradshaw does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **October 17, 2022**, Claim 1 against Defendant Dahlstrom this case will be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Mr. Bradshaw under § 1915(g).

The Clerk of Court is directed to send Mr. Bradshaw the following forms with this Order: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED 16th day of September, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00292-SLG-KFR, *Bradshaw v. Dahlstrom, et al.*
Order Re Findings and Recommendation
Page 4 of 4
Case 3:20-cv-00292-SLG-KFR   Document 53   Filed 09/16/22   Page 4 of 4