IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOSHUA JAMES BRADSHAW,

    Plaintiff,

  v.

NANCY DAHLSTROM, et al.,

    Defendants.

No. 3:20-cv-00292-SLG-KFR

**REPORT AND RECOMMENDATION Re PLAINTIFF'S
MOTION TO HOLD DEFENDANT IN CONTEMPT**

The Court recommends Plaintiff's Motion to Hold Defendants in Contempt be **DENIED**. Plaintiff fails to meet his burden in proving that the statement in question made by Defense Counsel was knowingly and intentionally false, or that it was made with bad intent or for an improper purpose to constitute bad faith. Because the Court recommends denial of Plaintiff's motion, no sanction is warranted.

**I.    Procedural History**

On November 16, 2020, *pro se* Plaintiff, Joshua James Bradshaw, filed a Complaint against the Commissioner of the Alaska Department of Corrections (DOC), Nancy Dahlstrom; the Governor of Alaska, Michael Dunleavy; and DOC alleging violations of 42 U.S.C. § 1983 and the Alaska Constitution.[1] On February 22, 2021, the Court issued a screening order dismissing Mr. Bradshaw's complaint without prejudice, advising him of the elements he must plead if he chose to amend his complaint, and granting him time to do so.[2]

On February 23, 2021, Plaintiff filed an "Application for temporary restraining order and preliminary injunction," which the Court denied.[3] On March 22, 2021,

---

[1] Doc. 1. Mr. Bradshaw also filed a Memorandum in Support of Complaint at Doc. 4.
[2] Doc. 6.
[3] Docs. 7 and 12.

while awaiting a ruling on his application for a restraining order, Plaintiff filed his First Amended Complaint.[4] On April 5, 2021, the Court issued an order provisionally appointing counsel and stayed the screening of Plaintiff's First Amended Complaint to give counsel time to meet with his client, file a notice of appearance, and review and amend the complaint again if needed.[5] Counsel for Plaintiff filed a Notice of Appearance on April 12, 2021, followed by a Status Report on July 1, 2021, advising the Court that Plaintiff wished to proceed on his First Amended Complaint as previously filed.[6]

On October 12, 2021, Defendants filed a Motion to Dismiss.[7] Plaintiff responded in opposition, and Defendants responded with a motion to strike that response.[8] Plaintiff opposed Defendants' Motion to Strike.[9] After counsel for Plaintiff filed a Rule 11 certification and a Notice of Withdrawal of Counsel, the Court ordered counsel's withdrawal and denied Defendants' motion to strike.[10] Defendants replied to Plaintiff's response to Defendants' motion to dismiss, followed by a supplemental response by Plaintiff.[11] Defendants filed a motion to strike Plaintiff's supplemental response, and Plaintiff again opposed.[12]

After referral from the District Court,[13] this Court *sua sponte* ordered supplemental briefing on the issue of mootness.[14] Specifically, the Court asked the parties to address whether DOC's revocation of the policies Plaintiff alleged to be

---

[4] Doc. 10.
[5] Doc. 13.
[6] Docs. 14 and 16.
[7] Doc. 24.
[8] Docs. 25-29.
[9] Doc. 30.
[10] Docs. 32-35.
[11] Docs. 36-37.
[12] Docs. 38-39.
[13] Docs. 40-41.
[14] Doc. 42; *see Students for a Conservative Am. v. Greenwood*, 391 F.3d 978 (9th Cir. 2004) ("We have an independent duty to consider *sua sponte* whether a case is moot.") (citation omitted).

Final R&R on Motion to Compel
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR

2

Case 3:20-cv-00292-SLG-KFR   Document 78   Filed 03/30/23   Page 2 of 10

unconstitutional in his First Amended Complaint rendered his complaint moot.[15] The parties complied.[16]

The Court considered Defendants' first Motion to Dismiss at Docket 24 and recommended dismissing as moot each of the claims raised in Plaintiff's First Amended Complaint where he sought injunctive relief; specifically, his official capacity claim against then DOC Commissioner Dahlstrom in Claim One,[17] and Claims Two and Three against Governor Dunleavy. The Court also recommended granting Defendants' motion as it related to the individual capacity claim against then Commissioner Dahlstrom, but with leave to amend his complaint for that distinct claim only. The District Court adopted the Court's Report and Recommendation.[18]

Plaintiff filed his Second Amended Complaint on October 14, 2022, maintaining that Defendant Dahlstrom, in her individual capacity, violated his First Amendment right to free exercise of religion under the Constitution.[19] Defendant responded with a Motion to Dismiss the Second Amended Complaint.[20] Plaintiff responded in opposition.[21]

Shortly after, Plaintiff filed a Motion to Compel seeking an order compelling

---

[15] *Id.*
[16] Docs. 44 and 49.
[17] *Id.* Plaintiff originally named DOC Commissioner Nancy Dahlstrom in his First Amended Complaint. On May 22, 2022, Commissioner Dahlstrom resigned. Pursuant to Fed. R. Civ. P. 26(d), Commissioner Winkelman was "automatically substituted as a party" and the Court considered her the proper defendant for Plaintiff's original official capacity claim against the DOC Commissioner. However, because Plaintiff also sued former Commissioner Dahlstrom for money damages in her individual capacity, she remained a party as it related to that distinct claim.
[18] Doc. 53.
[19] Doc. 54. Plaintiff captioned his Second Amended Complaint "*Joshua James Bradshaw v. Nancy Dahlstrom, et al.*" However, former Commissioner Dahlstrom is the only remaining defendant in this matter and the only person named in Plaintiff's Second Amended Complaint, thereby obviating the need for the use of the phrase "et al." Defendant utilized the same case caption, but the reply seeks dismissal by former Commissioner Dahlstrom only. As such, Defendant will be referred to in the singular unless otherwise noted.
[20] Docs. 56 and 57.
[21] Docs. 63, 64, 66.

Final R&R on Motion to Compel
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR
3
Case 3:20-cv-00292-SLG-KFR   Document 78   Filed 03/30/23   Page 3 of 10

DOC to return legal material confiscated as contraband by DOC when Plaintiff was relocated to a different correctional center.[22] Defendant responded in opposition. On January 24, 2023, Plaintiff filed supplemental information relating to his Motion to Compel,[23] as well as a Status Report pursuant to the Court's directive.[24] This Court considered Plaintiff's Second Amended Complaint, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, and Plaintiff's Motion to Compel, and recommended granting Defendant's Motion to Dismiss and denying Plaintiff's Motion to Compel.[25]

On January 30, 2023, Plaintiff filed a Motion to Hold Defendants in Contempt, Defendant responded in opposition, and Plaintiff replied.[26] The Court now considers all filings related to Plaintiff's Motion to Hold Defendants in Contempt.

## II. Legal Standard

### a. Framework for Imposing Sanctions under Inherent Authority

Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs to achieve the orderly and expeditious disposition of cases, which includes the ability to fashion an appropriate sanction for conduct that abuses the judicial process.[27] This power includes the ability to punish conduct before the court as well as actions beyond the court's confines, regardless of whether that conduct interfered with courtroom proceedings.[28] A federal court may, among other things, dismiss a case in its entirety, bar witnesses,

---

[22] DOC Procedure and Policy 811.05 states that a "prisoner may not possess property which belongs to another prisoner under any circumstances." DOC confiscated 46 documents of Plaintiff's which contained documents from three other inmates' criminal matters and their DOC institutional files. Plaintiff claimed that they were reference materials given to him by his lawyer.
[23] Doc. 67.
[24] Docs. 65 and 68.
[25] Doc. 71.
[26] Docs. 69, 70, 72.
[27] *Goodyear Tire & Rubber Co. v. Haeger*, --- U.S. ----, 137 S. Ct. 1178, 1186 (2017), (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, (1962)); *see also America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).
[28] *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Final R&R on Motion to Compel
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR
4

Case 3:20-cv-00292-SLG-KFR   Document 78   Filed 03/30/23   Page 4 of 10

exclude other evidence, award attorneys' fees, or assess fines.[29] Although it is preferable that courts use—and first consider—the range of federal rules and statutes dealing with misconduct and abuse of the judicial system, "courts may rely upon their inherent powers to sanction bad-faith conduct even where such statutes and rules are in place."[30] "Because of their very potency, inherent powers must be exercised with restraint and discretion."[31]

When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a court must find either: (1) a willful violation of a court order; or (2) bad faith.[32] A sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.[33] "A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions."[34]

Bad faith, including conduct done vexatiously, wantonly, or for oppressive reasons, requires proof of bad intent or improper purpose.[35] Bad faith also is not restricted to situations where the action was filed in bad faith, but rather, may be found in the conduct of the litigation.[36] Finally, because a federal court's inherent

---

[29] *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001).
[30] *Id.* at 1136–37; *see also Chambers*, 501 U.S. at 50 ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.").
[31] *Chambers*, 501 U.S. at 44.
[32] *See Evon v. Law Officer of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). The Court notes that there are no allegations of Defendant, or Defendant's Counsel, violating any Court order, therefore the Court focuses its analysis specifically on whether any statements were made in bad faith.
[33] *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).
[34] *Evon*, 688 F.3d at 1035.
[35] *Id.*; *Fink*, 239 F.3d at 993–94.
[36] *See Roadway Exp.*, 447 U.S. at 766.

Final R&R on Motion to Compel
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR
5

Case 3:20-cv-00292-SLG-KFR   Document 78   Filed 03/30/23   Page 5 of 10

powers are so potent, the court must make an explicit finding that the sanctioned party's conduct "constituted or was tantamount to bad faith" when imposing sanctions based on such conduct.[37]

### b. Alaska Local Rules

Alaska Local Civil Rule 1.1(c)(4) requires parties and their lawyers to conform to the applicable rules of ethics and professional conduct. Alaska Local Civil Rule 11.2(a) empowers the Court to impose sanctions for violations of the Local Civil Rules. Alaska Local Civil Rule 83.1 states, "[i]n all professional functions a lawyer should be competent, prompt, and diligent." Alaska Rule of Professional Conduct 3.3 states, "a lawyer shall not knowingly make a false statement of fact or law to a tribunal."

### III. Discussion and Analysis

In his Motion to Hold Defendants in Contempt, Plaintiff asserts that Counsel for Defendant, Ms. Mlcek, made a "knowing and intentional false statement, under oath and in a sworn declaration to the Court"[38] as part of Defendant's Response to Plaintiff's Motion to Compel at Docket 66. Specifically, Plaintiff takes issue with Ms. Mlcek's statement:

> "[o]n January 10, 2023, I contacted DOC to obtain a recording of the call from Mr. Bradshaw to create a transcript for the Court but was informed that the call was not recorded because Mr. Bradshaw misrepresented his call to me as privileged. See Declaration Exhibit A, phone call recording e-mail exchange with DOC."[39]

Plaintiff next refers to Exhibit A, an e-mail exchange between a DOC official and Ms. Mlcek, which informed Ms. Mlcek that DOC was "not able to send [Ms. Mlcek] a recording of the call as it is privileged call, and our system doesn't record

---

[37] *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648–50 (9th Cir. 1997) (quoting *Roadway Exp.*, 447 U.S. at 767); *see also Rousseau*, 985 F.3d at 1090.
[38] Doc. 69 at 1.
[39] *Id.* at 2 (quoting Doc. 66-3).

Final R&R on Motion to Compel 6
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR

them."[40] Plaintiff asserts that this email proves Ms. Mlcek's statement is false and that she made this statement knowing it was false.[41] Plaintiff claims Ms. Mlcek's statement was "made in bad faith in what appears to be an attempt to make [Plaintiff] appear dishonest and underhanded as he litigates this action pro se."[42]

For relief, Plaintiff asks the Court to hold Defendants in contempt and issue appropriate sanctions pursuant to the Court's "Inherent Power and all applicable Federal Statutes and Court Rules."[43] Additionally, Plaintiff asks the Court to strike Defense counsel's declaration from the record and remove or disqualify her as Defendant's counsel.[44]

In response, Defendant asks the Court to deny Plaintiff's motion for several reasons. First, Defendant asserts that the statement in question was made "upon information and belief held at the time [the] statement was drafted, [and that] undersigned counsel understood the assertion made therein regarding the reason why the phone call was not recorded to be true and accurate."[45] Defendant goes on to argue that "[a]fter receiving and reviewing [Plaintiff's] Motion to Hold Defendant in Contempt, undersigned counsel contacted DOC and learned that her understanding of privileged prisoner calls was mistaken.[46]

Second, Defendant contends that the statement was not made in bad faith to intentionally mislead the court, and that, "[o]ther than his own opinion," Plaintiff "provides no evidence that undersigned counsel acted intentionally, and not mistakenly."[47] Lastly, Defendant asserts that Plaintiff fails to articulate how "undersigned counsel's (mistaken) assertion regarding when prisoner phone calls

---

[40] *Id.* (quoting Doc. 66-5).
[41] *Id.* at 2.
[42] *Id.*
[43] *Id.* at 1. Specifically, Plaintiff cites to Alaska Local Rules of Civil Procedure 1.1(c)(4), 11.2, 83.1, and Alaska Rule of Professional Conduct 3.3. *See* Doc. 72 at 3-4.
[44] *Id.* at 4.
[45] Doc. 70 at 2.
[46] *Id.*
[47] *Id.* at 2-3.

Final R&R on Motion to Compel 7
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR
Case 3:20-cv-00292-SLG-KFR Document 78 Filed 03/30/23 Page 7 of 10

are recorded has any bearing on the issue currently before the Court – whether DOC should be compelled to allow [Plaintiff] to possess documents from three other inmates' criminal matters and DOC institutional files."[48] Further, Defendant states that "no party's credibility may bear on the Court's decision [in determining the Motion to Dismiss Plaintiff's Second Amended Complaint], and, thus, the Defendant would reap no benefit from an attempt to discredit [Plaintiff]."[49]

As cited by Plaintiff, "[sanctions] are appropriate where the Court finds that a party has behaved in a way that constitutes or is tantamount to bad faith."[50] "Actions constituting a fraud upon the court are also sufficient to support a bad faith finding."[51] The Court makes no such findings of bad faith in this case.

The Court accepts Defendant's explanation as to the mistaken statement Ms. Mlcek made about her understanding of the information DOC relayed to her regarding Plaintiff's privileged calls. There is no evidence in the record that Ms. Mlcek acted intentionally, and not mistakenly as Ms. Mlcek admitted in her opposition to Plaintiff's motion for sanctions.[52] Instead, Plaintiff merely offers his opinion that the statement was made in bad faith, which is insufficient to invoke the Court's inherent power to sanction.

Plaintiff has not met his burden in proving Ms. Mlcek's statement was made with bad intent or for an improper purpose,[53] nor is there any evidence in the record sufficient to demonstrate that there has been an attempt to commit fraud upon the Court.[54] Indeed, as argued by Defendant, Ms. Mlcek would have no reason to attempt to undermine Plaintiff's credibility. This is so because any character attack Plaintiff may have perceived as "an attempt to make [Plaintiff] appear dishonest and

---

[48] *Id.* at 3.
[49] *Id.* at 3.
[50] *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).
[51] *Chambers,* 501 U.S. at 46.
[52] *Id.* at 2-3.
[53] *See Evon*, 688 F.3d at 1035; *see also Fink*, 239 F.3d at 993–94.
[54] *Chambers,* 501 U.S. at 46.

Final R&R on Motion to Compel
Bradshaw v. Winkelman, et al.
3:20-cv-00292-SLG-KFR

8

Case 3:20-cv-00292-SLG-KFR   Document 78   Filed 03/30/23   Page 8 of 10

underhanded as he litigates this action pro se" based on Ms. Mlcek's admittedly mistaken statement regarding her conversation with DOC security officials would have no effect on this Court's Report and Recommendation to the District Court, nor the District Court's ultimate decision on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.[55]

Since the Court finds the challenged statement was not "knowingly false," nor was there any attempt to commit fraud upon the Court, the Court sees no violation of Alaska Rules of Professional Conduct or the Local Rules. Furthermore, Ms. Mlcek's response to Plaintiff's motion demonstrates that she followed up on the issue and identified her mistake. As stated in Defendant's opposition, "[a]fter receiving and reviewing [Plaintiff's] Motion to Hold Defendant in Contempt, [Ms. Mlcek] contacted DOC and learned that her understanding of privileged prisoner calls was mistaken."[56] The Court finds that such actions demonstrate Ms. Mlcek's competency, promptness, and diligence, and are in accordance with the Local Civil Rules.[57]

Finally, because the Court finds no evidence of bad faith on Ms. Mlcek's part, nor any evidence of a knowingly false statement, sanctions are unwarranted.

//
//
//
//
//
//
//
//
//

---

[55] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).
[56] Doc. 70 at 2.
[57] Alaska Local Civil Rule 83.1.

Final R&R on Motion to Compel
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR

9

## IV. Conclusion

The Court recommends **DENYING** Plaintiff's Motion to Hold Defendants in Contempt at Docket 69. Plaintiff fails to prove that the statement in question made by Ms. Mlcek was knowingly and intentionally false, made with bad intent or for an improper purpose to constitute bad faith, as opposed to simply being an honest mistake based upon a lack of knowledge. Since the Court finds no evidence of bad faith on Ms. Mlcek's part, the Court recommends no sanctions be issued.

DATED this 30th of March 2023, at Anchorage, Alaska.

                                        *s/ Kyle F. Reardon*
                                        KYLE F. REARDON
                                        United States Magistrate Judge
                                        District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[58] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[59]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[60] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[61]

---

[58] 28 U.S.C. § 636(b)(1)(B).
[59] 28 U.S.C. § 636(b)(1)(C).
[60] *Id.*
[61] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Final R&R on Motion to Compel      10
*Bradshaw v. Winkelman, et al.*
3:20-cv-00292-SLG-KFR

Case 3:20-cv-00292-SLG-KFR    Document 78    Filed 03/30/23    Page 10 of 10